STATE OF MAINE
WASHINGTON, ss.

SUPERIOR COURT
LOCATION: MACHIAS
Docket No. CV-2018-18

U.S. Bank Trust, N.A., as Trustee for LSF11
Master Participation Trust

        Plaintiff

          vs.

Premium Capital Funding LLC DBA Topdot
Mortgage

        Defendant

Mortgage Electronic Registration Systems,
Inc. as nominee for Premium Capital
Funding, LLC,
Bank of America, N.A., successor by merger
to BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing LP,
Yau Hung Chan,
FIA Card Services, N.A.,

     Parties-In-Interest

CONSENT ORDER

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:
864 Main Street
Calais, ME 04619
Mortgage:
February 7, 2006
Book 3117, Page 272

This matter is before the Court on Plaintiff's Motion for Default Judgment and Judgment on

the Pleadings. The Court specifically finds that there is justifiable controversy and that declaratory

relief is appropriate to remove the uncertainty in the chain of title to the mortgage, as raised by the

*Greenleaf* decision, regarding assignments of mortgages for nominees. *Bank of America, N.A. v.*

*Greenleaf,* 2014 ME 9 (Me 2014). As holder of the promissory note, Plaintiff is entitled to bring this

action to confirm its rights in the subject mortgage. This is consistent with well settled precedent

discussing Maine mortgage title theory. *See Jordan v. Cheney,* 74 Me 359 (1883).

Having considered the pleadings, and the consent of Yau Hung Chan, this Court finds that



after service in compliance with Maine Rules of Civil Procedure, the Defendant, Premium

Capital Funding LLC DBA Topdot Mortgage, has not answered or otherwise appeared in this

action; the Party-In-Interest, Mortgage Electronic Registration Systems, Inc. as nominee for

Premium Capital Funding, LLC, have not answered or otherwise appeared in this action; the Party-

In-Interest, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP

f/k/a Countrywide Home Loans Servicing LP, has not answered or appeared in this action; the

Party-In-Interest, Yau Hung Chan, has through its attorney, J. Scott Logan, answered and appeared

in this action; the Party-In-Interest, FIA Card Services, N.A., has not answered or otherwise

appeared in this action.

Accordingly, for good case shown, it is hereby ORDERED that:

Plaintiff is GRANTED default judgment in this matter; and

This Court ORDERS, confirms and ratifies, *nunc pro tunc*, the transfer of the mortgage, dated

February 7, 2006, and recorded in the Washington County Registry of Deeds in **Book 3117, Page**

**272,** as evidenced by the assignment to BAC Home Loans Servicing, LP f/k/a Countrywide Home

Loans Servicing LP recorded in the Washington County Registry of Deeds in **Book 3733,** Page **80;**

to Bank of America, N.A. recorded in the Washington County Registry of Deeds in **Book 3915,**

Page **149;** to Federal National Mortgage Association recorded in the Washington County Registry of

Deeds in **Book 4146,** Page **52;** to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation

Trust recorded in the Washington County Registry of Deeds in **Book 4534,** Page **17;** and all the

rights contained therein, including ownership, to U.S. Bank Trust, N.A., as Trustee for LSF11 Master

Participation Trust; and

The Court also enters in rem permanent injunction relief concerning the subject property mortgage recorded on March 7, 2006. The Court finds the Plaintiff is the owner and holder of both the subject Note and Mortgage Deed, *nunc pro tunc* as of the date of the Mortgage Assignment to the Plaintiff, February 19, 2019.

DATED: _____

_____
Justice, Superior Court

**SEAL**

_____
J. Scott Logan on behalf of
Party-In-Interest, Yau Hung Chan

**A TRUE COPY**

ATTEST: _____
**CLERK**

_____
John A. Doonan, Esq. or Reneau J. Longoria, Esq.
On behalf of Plaintiff, U.S. Bank Trust, N.A., as
Trustee for LSF11 Master Participation Trust